COMMONWEALTH *vs.* INHABITANTS OF SUDBURY.

A person, not a citizen of this or any other of the United States, cannot acquire a settlement under the St. of 1868, *c.* 328, § 1, unless he has gained the qualifications therein named since the passage of the act.

CONTRACT to recover for the support of Thomas Pierce as a pauper at a state almshouse, from December 5, 1868, to October 1, 1869. The case was submitted to the judgment of the court on facts agreed substantially as follows:

Thomas Pierce was admitted to the almshouse July 20, 1868, and on March 5, 1869, at which time he was a minor, the defendants were duly notified in accordance with the Gen. Sts. *c.* 71, § 49, but they denied that he had any settlement with them and refused to remove him. " Thomas Pierce was a son of Luke Pierce, an adult alien, who lived in Sudbury and occupied an estate of freehold there from 1856 to 1866, inclusive. In 1861, Thomas Pierce became a public charge. About May 1, 1868, Luke Pierce sold all his property in Sudbury, removed therefrom and went to California where he now resides, having, prior to his son's becoming a public charge, all the qualifications mentioned in the fourth clause of the Gen. Sts. *c.* 69, § 1, for gaining a settlement in Sudbury, except citizenship."

*J. C. Davis*, Assistant Attorney General, for the Commonwealth.

*J. G. Abbott*, for the defendants.

CHAPMAN, C. J. The first section of the St. of 1868, *c.* 328, which went into operation July 9, 1868, is as follows: " Hereafter, any person of the age of twenty-one years, having the other qualifications mentioned in the fourth, fifth, ninth and twelfth clauses of the first section of chapter sixty-nine of the General Statutes, shall be deemed to have thereby gained a settlement as therein provided, although not a citizen of this or any other of the United States." All these clauses relate to gaining settlements by residence, having property and paying taxes; and the object of the statute is to put aliens on the same footing with native citizens.

The word "hereafter" seems to apply as well to having the qualifications as to being deemed thereby to have gained a settlement, so that both are prospective ; and therefore the qualifications, as well as the settlement, are to be gained after the passage of the act. This view is fortified by the presumption, which is always to be made in the construction of statutes, that their operation is to be prospective, unless the contrary appears. This presumption is strong in respect to this statute. If the purpose of the legislature had been to make it retrospective, so as to give a settlement to an alien, like Luke Pierce, who, after living in Sudbury from 1856 to 1866 and occupying an estate of freehold there, had then sold his property and removed to California before the act was passed, such an intent would have been likely to be expressed unequivocally. For the effect would be, not merely to expose the town, where such a person had had a temporary residence, to the liability to support him and his family, in case they may come to want and be sent back here, but persons who are now foreigners may hereafter come here, and if they can derive a settlement from him, may cast themselves upon the town for support. Without calling in question the constitutional power of the legislature to create paupers of this description, we think they have not done it by this act. *Judgment for the defendants.*