## CITY OF WORCESTER vs. CITY OF SPRINGFIELD.

Worcester.   October 2. — 27, 1879.   ENDICOTT & LORD, JJ., absent.

In an action against the city of S. for aid furnished to a pauper, it appeared that the pauper lived in S. from 1862 to 1867, and paid taxes duly assessed to him for three years within that time; that the father of the pauper, a native of Ireland, came to this country in 1852, being then over the age of twenty-one years, and lived in the town of W. with his family including the pauper until 1861, when the pauper became of age; and that, between 1852 and 1861, the father lived upon an estate of freehold owned by him in W. for more than three years successively.  *Held*, that, under the Gen. Sts. c. 69, § 1, cl. 4, and the St. of 1868, c. 328, § 1, as amended by the St. of 1871, c. 379, the father of the pauper gained a settlement in W.; and that the pauper gained a derivative settlement from his father, which continued and was an "existing settlement" within the St. of 1874, c. 274, § 3, and was not changed by his residence in S.

MORTON, J.   This is an action to recover for aid furnished to the wife and minor children of John Malony, as paupers, in the years 1876 and 1877.   It appeared that John resided in Springfield from July 1862 to December 1867, and paid taxes duly assessed to him for three years within that time.   He became of the age of twenty-one years in May 1861.   This was sufficient to give him a settlement in Springfield, under the St. of 1874, c. 274, § 1, if it applied to his case.   But that section is qualified by § 3, which provides that "no existing settlement shall be changed by any provision of this act, unless the entire residence and taxation herein required accrues after its passage; but any unsettled person shall be deemed to have gained a settlement upon the completion of the residence and taxation herein required, though the whole or a part of the same accrues before the passage of this act."   As the residence and taxation of John in Springfield were wholly before the passage of the act, he would not thereby gain a settlement, unless he was an "unsettled person" having no existing settlement.

Whether he was an "unsettled person" depends upon the question whether he had a settlement in the town of Wales, derived from his father, Michael Malony.   Upon this question, the facts agreed are, that Michael, a native of Ireland, came to this country in 1852, being then over the age of twenty-one years, and resided in Wales with his family, among whom was

his son John, until the year 1861, when John became of age; and that, between 1852 and 1861, Michael lived upon an estate of freehold, owned by him in Wales, for more than three years successively. This would have given Michael a settlement in Wales under the Gen. Sts., *c.* 69, § 1, *cl.* 4, if he had not been an alien. The St. of 1868, *c.* 328, § 1, as amended by the St. of 1871, *c.* 379, was intended to remove all disabilities arising from alienage, and it provides that "hereafter any person of the age of twenty-one years, having the other qualifications mentioned in the fourth, fifth, ninth, and twelfth clauses of the first section of chapter sixty-nine of the General Statutes, shall be deemed to have thereby gained a settlement as therein provided, although not a citizen of this or any other of the United States, whether such other qualifications shall have been acquired before or after the enactment hereof."

Under these statutes, Michael must be deemed to have gained a settlement in Wales, by virtue of his three years' living upon an estate of freehold owned by him, and all the legal consequences and incidents of such settlement must follow. *Endicott* v. *Hopkinton*, 125 Mass. 521. *Commonwealth* v. *Sudbury*, 106 Mass. 268.

Among these consequences is, that his minor children who were living with him would gain from their father the same settlement. The St. of 1868, as amended by the St. of 1871, was clearly designed to be retroactive, and its effect is to fix the time, when the settlement of Michael in Wales commenced, to be at the expiration of the three years' occupancy of an estate of freehold. At that time John was a minor living with his father, and the result is, that he then gained a derivative settlement in Wales, which continued until he acquired a new one. As he had acquired no new settlement before he went to Springfield, his settlement in Wales continued and was an "existing settlement," which was not, under the St. of 1874, *c.* 274, changed by his residence in Springfield. *Judgment for the defendant.*

*F. T. Blackmer*, for the plaintiff.

*T. M. Brown*, for the defendant.