*C. Delano & A. De Wolf*, for the tenants.
*S. T. Field & S. O. Lamb*, for the demandant.

---

### CITY OF FITCHBURG *vs.* INHABITANTS OF ATHOL.

Worcester.    Oct. 6, 1880. — Feb. 24, 1881.    COLT, MORTON & FIELD, JJ.,
absent.

The St. of 1874, c. 274, does not give a settlement to a person who voluntarily ceased to be a resident of the Commonwealth twenty years before it was enacted; nor by derivation to the son of such person, the son not having re-sided in the Commonwealth within seventeen years before, nor at any time since the enactment; nor by derivation to the wife of such son, who resides in, and after the enactment becomes a pauper within, the Commonwealth.

CONTRACT upon an account annexed for money expended by the plaintiff for the support of Abigail Taylor, a pauper. An-swer, a general denial. Trial in the Superior Court, without a jury, before *Dewey*, J., who allowed a bill of exceptions, in sub-stance as follows:

There was evidence that the pauper was the lawful wife of Edwin Taylor, to whom she was married on August 2, 1854.

Edwin Taylor was the only son of Lucius Taylor, who formerly lived in the defendant town, but removed to Canada about the year 1854, and Edwin also moved to Canada about the year 1857 Neither Edwin nor Lucius Taylor has since been resident in this Commonwealth.

Lucius moved to the defendant town in 1833, having then no settlement in this Commonwealth, and resided there continuously until April 1853, excepting the two years 1842 and 1847, and was taxed there from 1834 to 1852, excepting the years 1840, 1842 and 1847, and paid all taxes assessed upon him. He was a citizen of the United States, and an adult during his whole residence in the defendant town, and has never acquired any settlement in this Commonwealth, unless in that town. Edwin was born in 1836, and never acquired a settlement of his own in this Commonwealth after his majority.

In 1833, Lucius Taylor married, in the defendant town, Mercy Bryant, the mother of Edwin; she was the daughter of Clement Bryant of that town, who came there from Bridgewater, from that part of the town now called Brockton, where his father resided. The plaintiff offered no further evidence whether or not Mercy Bryant had any settlement in the Commonwealth.

The pauper had always resided in the Commonwealth, but never in the defendant town. The relief sought to be recovered for in this action was furnished her by the plaintiff city, she having fallen into distress there. The items of relief covered the time from October 1, 1877, to March 1, 1879, at the rate of $2 per week. Due notice was given by the overseers of the plaintiff to the overseers of the defendant, who sent to the former an answer denying that the legal settlement of the pauper was in the defendant town, and refused and neglected to remove or provide for the pauper.

The plaintiff contended that, upon the above facts, Lucius Taylor acquired a settlement in the defendant town under the St. of 1874, *c.* 274; and that the pauper took this settlement, her husband Edwin Taylor having acquired no settlement of his own after his majority.

The defendant contended that Edwin Taylor had a derivative settlement through his mother, which would be changed, if, under the St. of 1874, c. 274, as the plaintiff contended, he became settled in the defendant town; and that it was necessary that the plaintiff should prove affirmatively that Edwin was an unsettled person, as well as his father Lucius, before the statute could be relied on by the plaintiff, if in any way it could operate in the plaintiff's favor.

The judge ruled that the plaintiff could not recover; and found for the defendant. The plaintiff alleged exceptions.

*H. C. Hartwell*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

SOULE, J. The ruling of the presiding judge in the Superior Court was correct. The St. of 1874, c. 274, does not apply to the case. The husband, from whom it is contended that the pauper gained a settlement in the defendant town, never gained a settlement of his own in the Commonwealth, and voluntarily abandoned his residence here in the year 1857. His father, under whom it is contended that he has a derivative settlement, voluntarily ceased to reside in the Commonwealth in the year 1854, not having acquired any settlement; and neither has resided in the Commonwealth since. We do not think that the statute in question was intended to give a settlement to persons who voluntarily ceased to be residents of the State twenty years before it was enacted; and by derivation to the sons of such persons, such sons not having resided in the State within seventeen years before, nor at any time since the enactment; and by derivation, further, to the wives of such sons who reside in, and after the enactment have become paupers within, the Commonwealth. There is nothing in this view which conflicts with the decision in either of the cases which have arisen under the statute. *Somerville* v. *Boston*, 120 Mass. 574. *Endicott* v. *Hopkinton*, 125 Mass. 521. *Worcester* v. *Springfield*, 127 Mass. 540. How far the statute reaches, and what is the extreme case to which it applies, it is not for us now to determine. It is enough for this case that it does not apply to the state of facts here disclosed. *Exceptions overruled.*