## CITY OF TAUNTON *vs.* CITY OF BOSTON.

Bristol.　Oct. 27, 1880. — April 5, 1881.　ENDICOTT & FIELD, JJ., absent.

The St. of 1871, *c.* 379, § 1, in amendment of the St. of 1868, *c.* 328, does not give a settlement by derivation to the child of an unsettled person who died before its passage.

LORD, J.　This action is brought to recover expenses for the support of Alice V. Phelan. She is the daughter of James Phelan. It is contended that the pauper's settlement is in Boston by derivation from her father, James Phelan, who died November 22, 1869. At the time of the death of James Phelan, he had no settlement within this Commonwealth. He was an alien born, and was never naturalized. He removed from Dorchester to Taunton in 1865, and resided in Taunton until his death. He had resided in the town of Dorchester from 1851 to 1865, and paid a poll tax every year. These facts would have given him a settlement in Dorchester under the St. of 1868, *c.* 328, if they had occurred subsequently to the passage of that act. It is not contended by the plaintiff that he had acquired a settlement under that act, except by force of the amendment to it by the St. of 1871, *c.* 379, § 1.*　That statute was not passed until after his death. It was made retroactive by its terms, and the case presents these precise questions: Can a settlement be established after the death of a party who had no settlement at the time of his death, by retroactive legislation? and, if it can

---

* By the Gen. Sts. *c.* 69, § 1, *cl.* 12, a citizen of this or any other of the United States, of the age of twenty-one years, gained a settlement in any place in this Commonwealth by residing there for ten years together, and paying all taxes assessed on his poll or estate for any five years of the ten. The St. of 1868, *c.* 328, § 1, provided that "Hereafter, any person of the age of twenty-one years having the other qualifications mentioned in" the Gen. Sts. *c.* 69, *cl.* 12, and certain other clauses, "shall be deemed to have thereby gained a settlement as therein provided, although not a citizen of this or any other of the United States." In *Commonwealth* v. *Sudbury*, 106 Mass. 268, the court held that this statute operated only prospectively. The St. of 1871, *c.* 379, § 1, amended the St. of 1868, *c.* 328, § 1, " by adding thereto the words, 'whether such other qualifications shall have been acquired before or after the enactment hereof.' "

be, Does the language of the St. of 1871 show that it was the purpose of the Legislature to give to deceased persons settlements which they had not at the time of their death? The former of these propositions it is not necessary to decide or discuss. What shall constitute the settlement of a person or of his offspring is matter of positive law, and we need not question the power of the Legislature to establish any rules it may choose. The general proposition, however, is true, that, unless the contrary appears, legislation is for the living, and not for the dead; and settlements are fixed for the living, and not for the dead. This view is particularly important in this Commonwealth, where so many settlements are acquired by derivation, and we should be very slow to construe the language of the Legislature so as to give settlements to persons who died more than a generation ago, who had no settlement in their lifetime, unless the language of the statute necessarily required us to do so. It is altogether probable that there are many aliens who come within one or another of the modes for acquiring a settlement prescribed by law, and, so far as they are now living, the St. of 1871 is undoubtedly applicable to them. It is probably equally true that some alien has died within every decade, if not within every year of the present century, who previously to his death, if a citizen, would in some mode have acquired a settlement in some municipality. We cannot believe that the Legislature intended by this act to give settlements to persons long ago deceased, and by derivation to all their progeny. If such had been the purpose of the Legislature, we think it would have been manifested by clear and decisive language. If the law is applicable to a person who died before its enactment, the length of time before its enactment at which such death occurred would be wholly immaterial; and, upon the general rules of interpretation, and upon the general proposition that, unless qualified, legislation affects the status of the living, and not of the dead, we think the statute gave a settlement only to such as were alive at the time of its passage.

The defendant concedes that, if the statute had fixed the settlement in that part of Boston which was formerly Dorchester, the defendant city would be liable. No question is therefore made upon that part of the case. The view which

we take of the statute, however, renders that matter unimpor-
tant.                                *Judgment for the defendant.*

C. A. *Reed*, for the plaintiff.

E. P. *Nettleton*, for the defendant.