## CITY OF FITCHBURG *vs.* INHABITANTS OF ASHBY.

Worcester.   October 7, 1881; March 29. — April 4, 1882.

In an action by one town against another for the support of a pauper, it appeared that the pauper had no settlement in this Commonwealth, except one acquired under the St. of 1874, *c.* 274; that prior to 1865, being twenty-one years of age, he resided five years in the town of G., and paid the taxes assessed on him for three years within that time; that in 1865 he removed to the town of A., and continued to reside there for five years, and paid taxes assessed upon him for three years within that time; and that he had since then gained no settlement elsewhere.  *Held*, that, upon these facts, the pauper acquired a settlement in G., under the St. of 1874, *c.* 274, and that the town of A. was not liable for his support.  FIELD, J., dissenting.

MORTON, C. J.   This is an action to recover for aid furnished to one Weatherbee, a pauper, whose settlement the plaintiff alleges to be in the defendant town.   It appeared at the trial, that Weatherbee had no settlement in this Commonwealth, except one acquired under the St. of 1874, *c.* 274; that he resided five years in Groton prior to the year 1865, and paid the taxes assessed on him for three years within that time, being of the age of twenty-one years; that in March 1865 he removed to Ashby, and continued to reside there till April 1870, and paid the taxes assessed upon him for three years within that time; and that he has since then gained no settlement elsewhere.   The only question in the case is whether, upon these facts, the pauper has a settlement in Ashby.

The St. of 1874 provides that "any person of the age of twenty-one years who resides in any place within this State for five years together and pays all state, county, city or town taxes duly assessed on his poll or estate for any three years within that time shall thereby gain a settlement in such place."   Section 3 provides that "no existing settlement shall be changed by any provision of this act unless the entire residence and taxation herein required accrues after its passage; but any unsettled person shall be deemed to have gained a settlement upon the completion of the residence and taxation herein required, though the whole or a part of the same accrues before the passage of this act."

Under this provision, it is clear that, upon the facts of this case, the pauper must be deemed to have gained a settlement in Groton upon the completion of his residence for five years in that place.  He is to be regarded as having then acquired a settlement, with all its incidents and consequences, in the same manner as if the statute had then been in force.  *Worcester* v. *Springfield,* 127 Mass. 540.

No provision is made in the statute by which a settlement thus acquired can be lost or changed, by virtue of its retroactive force, by a residence of five years in another town before the statute was passed.  As the pauper in this case is to be deemed to have gained a settlement in Groton prior to the year 1865, and as he has not lost or changed it under any of the provisions of the statutes, it continues in Groton.

A majority of the court are therefore of opinion that, upon the facts proved, he did not, under the St. of 1874, gain a settlement in the town of Ashby; and that it is not liable for his support.

FIELD, J.  I do not concur with the majority of the court. I think that the words "existing settlement," in the St. of 1874, *c.* 274, § 3, mean a settlement existing at the time that statute took effect, and the words "any unsettled person," in the last clause of the same section, mean any person having no settlement at the time that statute took effect; and whether any settlement existed, or whether any person was an unsettled person at that time, is to be determined by the laws then in force other than that statute itself.  The section thus makes provision for all persons, under the two classes of those who have, and of those who have not, an existing settlement at the time the statute took effect.

There is nothing in the St. of 1874, *c.* 274, which repeals the Gen. Sts. *c.* 69, § 3, or is inconsistent with the general principle of law that a former settlement is lost when a new one is acquired.  Weatherbee was an unsettled person, under the laws as they existed when the St. of 1874, *c.* 274, took effect, and that statute operates upon him retrospectively.  In going back from the passage of the statute to ascertain if Weatherbee had resided five years together, and paid taxes three years within that time,

in any place within the Commonwealth, whereby he had gained a settlement there under the statute, it is found that he had in this manner gained a settlement in the town of Ashby; to go back beyond this for the purpose of ascertaining whether, before he thus gained a settlement in Ashby, he had not in the same manner gained a settlement in Groton, is extending the retrospective operation of the statute beyond what is necessary to give it full effect in the case.

If the rule be adopted that a retrospective statute, in its application to events which occurred before its passage, should be construed as if it had been enacted before the events occurred and had remained in force continuously since; then, although on the completion of the five years' residence, with the payment of taxes for three years of that time, in Groton, Weatherbee gained a settlement in Groton, yet by his removal to Ashby, residing there five years together, and paying taxes there for three years, he gained a new settlement in Ashby, and by this new settlement the former settlement was defeated and lost, both by the Gen. Sts. *c.* 69, § 3, and by the general principles of law.

The first clause of the third section of the St. of 1874, *c.* 274, has no application to the case, because Weatherbee never had an " existing settlement " within the meaning of those words in that clause.

The case was argued at the bar in October 1881, and was afterwards submitted on briefs to all the judges.

*W. S. B. Hopkins*, for the defendant.

*H. C. Hartwell*, for the plaintiff.