CITY OF NEWBURYPORT *vs.* INHABITANTS OF WORTHINGTON.

Essex.    November 5, 1880; November 3, 1881. — April 4, 1882.

A., having his settlement in the city of N., entered the naval service of the United States, as part of the quota of the town of W., in 1864, and served until September 1866, when he was honorably discharged. His minor daughter was married in May 1866. *Held*, in an action by the city of N. against the town of W. for aid furnished the daughter in 1879, as an insane pauper, that, under the St. of 1878, c. 190, § 1, *cl.* 10, A. had acquired a settlement in W. for himself, his wife, and his minor children, at the end of one year's service; and that the action could be maintained.

CONTRACT for support furnished to Georgiana Sloan, an insane pauper. The case was submitted on agreed facts, the material parts of which appear in the opinion, to the Superior

Court, which ordered judgment for the defendant; and the plaintiff appealed to this court.

The case was argued at the bar in November 1880, by *D. Saunders & C. G. Saunders*, for the plaintiff, and by *O. S. Knapp*, for the defendant; and reargued in November 1881, by *C. G. Saunders*, for the plaintiff, and by *Knapp*, for the defendant.

ENDICOTT, J. It is conceded that George W. Garland, the father of the pauper, Georgiana Sloan, had a settlement in Newburyport when he entered the naval service of the United States, in 1864; and that by reason of his service in the navy, as part of the quota of the town of Worthington, he must be deemed to have acquired a settlement in Worthington.

The plaintiff makes no claim for support furnished Georgiana Sloan before June 20, 1879. The case must, therefore, be governed by the St. of 1878, *c.* 190, § 1, *cl.* 10, which provides that "any person who shall have been duly enlisted and mustered into the military or naval service of the United States, as a part of the quota of any city or town in this Commonwealth, under any call of the President of the United States during the late civil war, or duly assigned as a part of the quota thereof, after having been enlisted and mustered into said service, and shall have duly served for not less than one year, or shall have died, or become disabled from wounds or disease received or contracted while engaged in such service, or while a prisoner in the hands of the enemy, and the wife or widow and minor children of such person, shall be deemed thereby to have acquired a settlement in such place; and any person who would otherwise be entitled to a settlement under this clause, but who was not a part of the quota of any city or town, shall, if he served as a part of the quota of this Commonwealth, be deemed to have acquired a settlement in the place where he actually resided at the time of his enlistment. But these provisions shall not apply to any person who shall have enlisted and received a bounty for such enlistment in more than one place, unless the second enlistment was made after an honorable discharge from the first term of service, nor to any person who shall have been proved guilty of wilful desertion, or to have left the service otherwise than by reason of disability or an honorable discharge." The provisions

of this clause are a substantial codification of the previous statutes relating to the settlement of persons who served in the army or navy of the United States during the War of the Rebellion. Sts. 1865, *c.* 230 ; 1866, *c.* 288 ; 1868, *c.* 328, § 3 ; 1870, *c.* 392, § 3 ; 1871, *c.* 379, § 2.

These statutes contained the words, "any person who shall have continued in such service for a term not less than one year;" but in the St. of 1878 the language is, "who shall have duly served for not less than one year." This language relates to duration of time in the service, and not to the term of service for which the person was enlisted.

The earliest statute on the subject was after the close of the Rebellion; and there can be no question that the statutes are intended to be retroactive, and are clearly within the power of the Legislature to enact. *Endicott* v. *Hopkinton*, 125 Mass. 521. *Worcester* v. *Springfield*, 127 Mass. 540. At the time the St. of 1878 was enacted, all the facts necessary to give George W. Garland, the pauper's father, a settlement in Worthington, were established. He had a settlement in Newburyport in 1864, and enlisted as a sailor in the quota of Worthington on August 24, 1864, and served till September 4, 1866, when he received an honorable discharge. The defendant contends that the settlement was not acquired till the discharge was obtained, and as the daughter, a minor, was emancipated by marriage before the discharge, namely, on May 31, 1866, she has no derivative settlement in Worthington from her father, but retains her settlement in Newburyport, where her father had his settlement when she was married.

The completion of the whole term of service for which Garland enlisted was not necessary; service for one year and a subsequent honorable discharge by the terms of the statute gave him a settlement at the expiration of the first year. The substance of the statute is, so far as applicable to this case, that any person duly enlisted and mustered into the service, as part of the quota of any city or town, who shall have duly served not less than one year, "and the wife or widow and minor children of such person, shall be deemed thereby to have acquired a settlement in such place;" that is, he and his family are deemed "thereby to have acquired" the settlement,

by virtue of the service of one year as part of the quota of any city or town.

It is true, if he has left the service otherwise than by reason of disability or an honorable discharge, he has no settlement, and such leaving may be after the expiration of the year. But in this case the question of the honorable discharge, as well as the question of the required length of service, were both settled before the St. of 1878 was enacted. Garland and his family fall within the exact terms of the statute.

A majority of the court are of opinion, that a person who served and was part of the quota of the town of Worthington for more than a year, and was afterwards honorably discharged, must be deemed to have acquired a complete settlement for himself, his wife and his minor children, at the conclusion of the year.

It therefore follows that the plaintiff is entitled to recover for the support furnished Georgiana Sloan from June 20, 1879.

*Judgment for the plaintiff.*