INHABITANTS OF DEDHAM *vs.* INHABITANTS OF MILTON.

Norfolk.    Nov. 13, 1883. — Jan. 22, 1884.    C. ALLEN & HOLMES, JJ., absent.

Under the St. of 1878, c. 190, § 1, *cl.* 6, as amended by the St. of 1879, c. 242, an unmarried woman, over twenty-one years of age, may acquire a settlement in a town in this Commonwealth by residing there for five consecutive years without receiving relief as a pauper, although she had ceased to reside there before the enactment of the former statute.

A town which furnishes relief to a pauper having a settlement in another town may maintain an action against such town therefor, without waiting until it is determined whether such pauper acquires a settlement in the plaintiff town by reimbursing the cost of such relief within five years from the time it is furnished, under the St. of 1879, c. 242, § 2.

CONTRACT for expenses incurred by the plaintiff town from August 18, 1879, to October 13, 1881, in the support of Mary Cavanaugh, whose settlement was alleged to be in the defendant

town. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

The support was properly furnished to the pauper by the plaintiff; proper and sufficient notices thereof were given to the defendant; and reasonable and sufficient answers to such notices were made by the defendant, denying any settlement in the defendant town.

Mary Cavanaugh, prior to 1860, attained the age of twenty-one years, and acquired no legal settlement in this Commonwealth. From 1860 to 1865, she, being unmarried, resided in the defendant town, as a servant in a private family, for five consecutive years, and was never furnished with aid as a pauper during that period. On January 7, 1865, she was married to a man having no legal settlement in this Commonwealth, and resided with him thereafter in various towns up to 1870, not acquiring any settlement by such residences.

In 1870 her husband removed to the plaintiff town, where she continued to live with him, three children having been born of the marriage, until his death, in May, 1872. Since his death she has continued to reside in the plaintiff town, receiving aid as a pauper, which, from 1871 to 1875, was reimbursed it by the Commonwealth. Aid as a pauper was furnished her during every year from 1871 to 1879; and from 1879 to 1881, being the two years immediately preceding the date of the writ, aid was furnished her as a pauper, as set forth in the plaintiff's declaration, none of which has been reimbursed by her.

The plaintiff contends that Mary Cavanaugh acquired a settlement in the defendant town by reason of the five years' residence therein under the circumstances above set forth.

The defendant contends that she never acquired any settlement in this Commonwealth; and, if any, none in the defendant town.

*N. F. Safford*, for the defendant.

*C. A. Mackintosh*, for the plaintiff.

DEVENS, J. The Legislature may charge upon the cities and towns the burden of supporting the poor in any manner it deems consistent with justice. This may be done by statutes retroactive in their character, based upon supposed benefits derived

from previous residence, ownership or occupancy of property, payment of taxes, or other facts, which may have occurred previously to the enactment; and the date of such liability may be arbitrarily fixed, as of that of the enactment, of the occurrence of the events upon which it is made to depend, or of any other time. There are no constitutional objections to general laws which alter the rules of settlement, although they may operate to transfer from one town to another the duty of supporting particular persons, or may give a settlement in some particular town to a person who previously had none in the State. *Bridgewater* v. *Plymouth*, 97 Mass. 382. *Endicott* v. *Hopkinton*, 125 Mass. 521. *Worcester* v. *Springfield*, 127 Mass. 540. *Lunenburg* v. *Shirley*, 132 Mass. 498.

The question here raised is one of statutory construction only. The St. of 1878, *c.* 190, was a general revision of the laws relating to settlements; and in § 1, *cl.* 6, it was provided that "any woman of the age of twenty-one years, who resides in any place within this State for five years together, without receiving relief as a pauper, shall thereby gain a settlement in such place." The St. of 1879, *c.* 242, amended this sixth clause by striking out the words "without receiving relief as a pauper," and adding a proviso to the whole section, that nothing contained therein "shall be construed to give to any person the right to acquire a settlement, or be in process of acquiring a settlement while receiving relief as a pauper, unless within five years from the time of receiving such relief he shall reimburse the cost thereof to the city or town furnishing the same." Section 2 of the St. of 1879 extended the provisions of the sixth clause of the St. of 1878 to certain married women, perhaps in view of the decision of this court in *Somerville* v. *Boston*, 120 Mass. 574. It further enacted that "a settlement thereunder shall be deemed to have been gained by any unsettled woman upon the completion of the term of residence therein mentioned, although the whole or a part of the same accrues before the passage of this act."

The contention of the defendant is, that, as the St. of 1878 uses the word "resides," instead of the words "has resided," it is intended, when construed in connection with the St. of 1879, *c.* 242, to be retroactive only when the full term of residence has preceded the enactment of the statute, and the person, at

the date of the enactment, continues the same residence. Thus, an unmarried woman might have resided for five years together in a place within this State, &c. previously to the passage of the act, and if, at that time, she had removed from such place, she would not thereunder have acquired a settlement.

We cannot assent to this, nor is it in accordance with the construction we have heretofore given to the St. of 1874, *c.* 274, from which the provisions of the Sts. of 1878 and 1879 are derived. The St. of 1874, *c.* 274, § 1, provided that "any person of the age of twenty-one years who resides in any place within this State for five years together and pays all state, county, city, or town taxes duly assessed on his poll or estate for any three years within that time shall thereby gain a settlement in such place." Section 2 provided that "any woman of the age of twenty-one years who resides in any place within this State for five years together without receiving relief as a pauper shall thereby gain a settlement in such place." Section 3 provided that "no existing settlement shall be changed by any provision of this act unless the entire residence and taxation herein required accrues after its passage; but any unsettled person shall be deemed to have gained a settlement upon the completion of the residence and taxation required, though the whole or a part of the same accrues before the passage of this act."

In *Fitchburg* v. *Ashby*, 132 Mass. 495, it appeared that the pauper whose settlement was in dispute was a man who had no settlement unless he had gained one under the St. of 1874; that, being an unsettled person of the age of twenty-one years, he had resided in Groton five years prior to the year 1865, and during three of those years had paid taxes; and that, in March, 1865, he had removed to the town of Ashby. It was held that, by this residence in Groton, and payment of taxes there, although he had removed from Groton long previously to the passage of the act of 1874, he had acquired a settlement there. It will be observed, that, in the first section as well as in the second section, the present tense is used by the words "who resides"; and that the construction in the case referred to was necessarily as if they were written "who has resided."

We are therefore of opinion that Mary Cavanaugh had acquired a settlement in Milton by her residence for five years.

Nor is there anything in this view inconsistent with the decision in *Fitchburg* v. *Athol*, 130 Mass. 370, which holds that the St. of 1874, *c.* 274, does not give a settlement to a person who voluntarily ceased to be a resident of the Commonwealth twenty years before it was enacted; nor by derivation from him to the son of such person, the son not having resided in the Commonwealth within seventeen years before, nor at any time since the enactment; nor by derivation from such son to the wife of this son, who resides in the Commonwealth, and after the enactment becomes a pauper here. Neither the father nor the son, through whom the settlement in that case was sought to be derived, was, at the passage of the act, among those persons for whose comfort, should they fall into distress, the Commonwealth, either directly or through its municipalities, has deemed it a duty to provide. They were residents of other States, and, while thus resident, it could not have been intended that, by such a statute, they should be provided with settlements here from which other settlements could be derived. Mary Cavanaugh was a resident of the Commonwealth, one of those persons for whose comfort it was necessary to provide, and such provision must have been intended by the act we are considering.

It is contended that, although Mary Cavanaugh has not, since her removal to Dedham, gained a settlement there by reason that she has been assisted as a pauper, yet, as she may reimburse the town of Dedham within five years, and as, if she should do so, she would then gain a settlement therein by her residence of more than five years, no action should be brought until the expiration of that time. It is a sufficient answer, that her settlement is now in Milton; that she is properly chargeable thereto; and that the plaintiff town, having furnished her relief, is entitled to be compensated. That in a certain contingency she may acquire a settlement in Dedham, cannot absolve the defendant town from the discharge of its present obligation. It certainly would be unfortunate if we were compelled to hold that a claim such as the plaintiff has, which would expire by limitation if not pursued within two years (Pub. Sts. *c.* 84, § 14), could not be prosecuted until five years had expired.     *Judgment affirmed.*