### CITY OF WORCESTER *vs.* INHABITANTS OF GREAT BARRINGTON.

Worcester.    Sept. 29. — Oct. 26, 1885.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

The words "any unsettled woman," in the St. of 1879, *c.* 242, § 2, mean a woman unsettled at the time the statute took effect.

CONTRACT for expenses incurred in the relief of Thomas Quigley, a minor, whose settlement was alleged to be in the defendant town. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*F. P. Goulding,* for the plaintiff.

*J. Dewey,* for the defendant.

MORTON, C. J. The rights of the parties in this suit depend upon the question whether Margaret Quigley, the grandmother of the pauper, gained a settlement in Great Barrington prior to February 11, 1873. She was born in Ireland, came to this country in 1845, was married to Thomas Quigley in 1851, she being then of age, and lived with him in Great Barrington until his death in 1856. After the death of her husband, she lived in Great Barrington, a widow, until 1859, when she married one Finneran. She continued to live with Finneran in the same town until 1867, when they removed to Huntington, where Finneran died in 1869. She then returned to Great Barrington, and lived there until 1873, when she married one Burke, who then had, and now has, a settlement in Sandisfield in this State, where they now live. Neither Thomas Quigley nor Finneran ever had any settlement in this State.

The plaintiff, upon these facts, contended that Margaret gained a settlement in Great Barrington, under the St. of 1878, *c.* 190, § 1, *cl.* 6, as amended by the St. of 1879, *c.* 242, § 2. The St. of 1878 provides that "any woman of the age of twenty-one years, who resides in any place within this State for five years together, without receiving relief as a pauper, shall thereby gain

a settlement in such place." The St. of 1879 made this provision applicable to married women, and further provided that " a settlement thereunder shall be deemed to have been gained by any unsettled woman upon the completion of the term of residence therein mentioned, although the whole or a part of the same accrues before the passage of this act." These provisions are reënacted in the Pub. Sts. *c*. 83, § 1, *cl*. 6, 7.

Upon the admitted facts, Margaret, having resided in Great Barrington for more than five years prior to 1873, must be deemed to have gained a settlement there, under the Sts. of 1878 and 1879, if she is a person within the purview of these statutes. This depends upon the meaning of the words " any unsettled woman," in the St. of 1879, *c*. 242, § 2. If these words mean any woman who was unsettled at the time the statute took effect, she is not within the statute, because, in 1873, she by her marriage with Burke gained a settlement in Sandisfield, which continues to the present time.

The provisions of the present laws were derived from the St. of 1874, *c*. 274. Section 3 of that act provides that " no existing settlement shall be changed by any provision of this act, unless the entire residence and taxation herein required accrues after its passage; but any unsettled person shall be deemed to have gained a settlement upon the completion of the residence and taxation herein required, though the whole or a part of the same accrues before the passage of this act."

Several cases have been decided under this statute, but the question now before us has never arisen, because, in those cases, it appeared that the person alleged to have gained a settlement under it had no settlement in the State except that conferred by the statute itself. *Cambridge* v. *Boston*, 130 Mass. 357. *Fitchburg* v. *Ashby*, 132 Mass. 495. *Dedham* v. *Milton*, 136 Mass. 424. See also *Worcester* v. *Springfield*, 127 Mass. 540.

We concur with Mr. Justice Field in the statements of the first paragraph of his dissenting opinion in *Fitchburg* v. *Ashby*, *ubi supra*, that the words " existing settlement" mean a settlement existing at the time the statute took effect, and that the words " any unsettled person " mean any person unsettled at the time the statute took effect; and we are of opinion that the words " any unsettled woman " in the St. of 1879 have the same

meaning. Generally, a statute speaks from the time it takes effect. The object of the statute is to provide for the relief of poor persons who are now in distress, or may hereafter fall into distress, by giving them a settlement in some town which shall be under obligation to relieve them. A person who already has a settlement has no need of such provision. It has been held, in regard to a similar statute, that it did not apply in the case of a person who died before it took effect; *Taunton* v. *Boston*, 131 Mass. 18; and also that the St. of 1874 did not apply to the case of a person who had ceased to be a resident of the State many years before its passage. *Fitchburg* v. *Athol*, 130 Mass. 370. The purpose of the statute is not to force upon a person who has a settlement a former settlement for the benefit of his children and grandchildren, but to provide for the present and the future, and to afford to such as are or may be in distress succor and relief.

We are therefore of opinion that Margaret Quigley gained no settlement in the defendant town; and that the plaintiff cannot maintain this action. *Judgment for the defendant.*